UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL LOPEZ,<br><br>           Petitioner,<br><br>     vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>           Respondent. | Case No. SACV11-1510-DSF (DTB)<br><br>ORDER TO SHOW CAUSE |

Petitioner, who is currently incarcerated at the United States Penitentiary in Atwater, California, a federal correctional facility, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") pursuant to 28 U.S.C. § 2254 on September 28, 2011.

The Petition purports to be directed to a 2002 conviction sustained by petitioner in Orange County Superior Court. (See Pet. at ¶¶ 1-2.) Petitioner purports to be raising three grounds for relief. (See Pet. at ¶ 12(a-c).)

However, from the face of the Petition, it appears that there are at least two deficiencies which appear to preclude the habeas relief sought by petitioner.

/ / /
/ / /
/ / /

1

First, in order for a federal court to have jurisdiction under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254, a petitioner must be in state custody pursuant to the conviction or sentence which is being challenged by the petition. (Maleng v. Cook, 490 U.S. 488, 490-491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).)

Here, petitioner alleges that he is currently incarcerated at the United States Penitentiary in Atwater, California, a federal correctional facility. If petitioner is challenging his current incarceration, petitioner's correct course of action would be to attack his sentence pursuant to 28 U.S.C. § 2255. Thus, it appears that petitioner is not currently in state custody, which is a necessary prerequisite for purposes of challenging the conviction referenced in the petition. The Court also notes that it appears that petitioner is no longer serving the sentence imposed pursuant to the 2002 conviction to which the Petition purports to be directed, as that sentence was for a period of three years.

Second, based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time barred. Accordingly, on or before **November 4, 2011**, petitioner is ORDERED to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[2]

///

---

[1] http://appellatecases.courtinfo.ca.gov/index.html

[2] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

# THE TIME BAR ISSUE

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

---

[3] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

Here, according to the Petition, petitioner did not file an appeal of his conviction to the Court of Appeal, nor did he file a Petition for Review with the California Supreme Court.

Pursuant to California law in effect at the time of petitioner's conviction, an appeal of his original conviction had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of Court, former Rule 30.1(a) [new Rule 8.308(a)]. Where, as here, the judgment of conviction was entered upon a guilty plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. Rules of Court, former Rule 30(b) [new Rule 8.304(b)]; see also Cal. Penal Code § 1237.5. Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" for purposes of calculating the commencement of the AEDPA one-year statute of limitations was December 23, 2002, when petitioner's time to file an intended notice of appeal expired. There is no evidence petitioner filed any such notice of appeal.

Thus, if measured from the date on which the judgment of conviction became final,[4] petitioner's last day to file his federal habeas petition was December 23, 2003,

---

[4] From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that petitioner has a basis for contending that any of his claims is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review pursuant to § 2244(d)(1)(C). Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware
(continued...)

unless a basis for tolling the statute existed. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

28 U.S.C. § 2244(d)(2) provides:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

/ / /
/ / /

---

[4](...continued)
of the factual predicate of his claims as of the date he was convicted and sentenced pursuant to his guilty plea. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

5

Here, petitioner has alleged two collateral challenges in the Petition: The Orange County Superior Court Writ of Error Coram Nobis - Motion to Vacate Judgment and Conviction (Pet. at 3-4), which was denied on March 23, 2010 (Pet. at 4); and the ensuing appeal of petitioner's denial of Writ of Error Coram Nobis - Motion to Vacate Judgment and Conviction, filed with the California Court of Appeal on April 23, 2010 (Id.; California appellate courts website), which was denied on August 4, 2010.[5]

Thus, petitioner's first state collateral challenge was filed nearly 6 years after his deadline for filing a federal habeas petition had expired. Once the limitations period lapsed, it could not be reinitiated. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). Accordingly, it does not appear petitioner is entitled to any statutory tolling.

In Holland v. Florida, _ U.S. _, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling. If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v.

---

[5] The Court does not address petitioner's failure to exhaust the collateral attack of the instant conviction before the California Supreme Court, as required by 28 U.S.C. § 2254(b)(1)(A).

6

DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: October 4, 2011

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE